# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

MONIQUE D. PRESTON,

    Plaintiff,                                           Case No. 9:19-cv-81439

v.

PIONEER CREDIT RECOVERY, INC.,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** Monique D. Preston ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Pioneer Credit Recovery, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida, Plaintiff resides in the Southern District of Florida, and a

1

substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in the Southern District of Florida and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant offers student loan collection services with its business office located 26 Edward Street Arcade, New York 14009. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Florida.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around 2009, Plaintiff obtained a student loan ("subject debt") to attend the American Institute of Health. Plaintiff was making timely payments on the subject debt.

7. Unfortunately, due to unforeseeable financial hardships, Plaintiff was no longer able to make payments on the subject debt, resulting in default.

8. Subsequently thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt while Plaintiff was in default.

9. Defendant intercepted Plaintiff's tax returns in 2016 and 2018 to satisfy the subject debt in full.

10. Despite satisfying the subject debt in full, in early 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (561) XXX-5746, in an attempt to collect on the satisfied subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 5746.

12. In or around July 2019, Plaintiff spoke with a representative of Defendant, informed Defendant that the debt had been satisfied from her tax returns, and requested that Defendant stop calling her.

13. Despite Plaintiff's request, Plaintiff continued to receive harassing collection calls from Defendant.

14. Moreover, Defendant also began placing unsolicited calls to Plaintiff's 12-year-old son. Plaintiff's son *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

15. When Plaintiff's 12-year-old son would answer Defendant's calls, Defendant would state that his mother has an outstanding payment and pressed Plaintiff's 12-year-old son to tell his mother to call Defendant urgently.

16. Plaintiff immediately called Defendant and demanded it cease calling her 12-year-old son. In spite of Plaintiff's request, Defendant continued to call Plaintiff's 12-year-old son on no less than 3 more occasions.

17. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone number from early 2019 through the present day, with calls taking place back-to-back days, and multiple calls in one day, and on weekends.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

---

[1] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

19. Moreover, Plaintiff also hears what sounds to be a call center noise in the background of Defendant's calls.

20. In the calls that Plaintiff did not answer, Defendant would leave a pre-recorded message, each of which was approximately 23 seconds in duration. There would be an audible click from the receiver and after a significant pause; a pre-recorded message began by Defendant using a prerecorded voice requesting Plaintiff to call back.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

22. Defendant's unlawful collection attempts disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. Moreover, Defendant's phone calls to her 12-year-old son caused her embarrassment, self-abasement, and extreme frustration.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. The subject debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692b(2), b(3), c(a)(1), c(b), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692b**

32. Defendant violated §1692b(2) by specifically informing Plaintiff's 12-year-old son that it was seeking to collect on Plaintiff's allegedly defaulted subject debt.

33. Defendant violated §1692b(3) when it contacted Plaintiff's 12-year-old son on no less than three occasions without his or Plaintiff's prior consent. Defendant continued to call Plaintiff's son even after Plaintiff demanded Defendant cease calling his cellular telephone number.

### b. Violations of FDCPA § 1692c

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous occasions. This recurrent behavior of continuously and systematically calling Plaintiff's cellular telephone repeatedly after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that the alleged subject debt was satisfied through her tax returns, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it was fully satisfied.

35. Defendant violated §1692c(b) when it contacted Plaintiff's twelve year old son and disclosed to him that Plaintiff owed the subject debt.

### c. Violations of FDCPA § 1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular telephone using pre-recorded voice technology seeking immediate payment on a debt that was satisfied in full. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she satisfied the alleged subject debt and demanded that the calls cease.

37. Moreover, Defendant's unsolicited phone calls to Plaintiff's 12-year-old son in order to dragoon payment from Plaintiff were abusive, harassing, and oppressive as Defendant did not have consent to place these calls.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's cellular telephone from

early 2019 through the present day, without her prior consent, with numerous calls in one day and with calls taking place on back to back days.

### d. Violations of FDCPA § 1692e

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged subject debt. Defendant repeatedly contacted Plaintiff seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the subject debt was fully satisfied. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated telephone dialing system and pre-recorded voice system after Plaintiff requested it to cease on numerous occasions.

40. Likewise, Defendant violated §1692e(2) when it continued to place harassing phone calls to Plaintiff's cellular telephone in effort to collect a debt that was previously paid.

### e. Violations of FDCPA § 1692f

41. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on the alleged subject debt by continuously calling Plaintiff and her 12-year-old son. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that Plaintiff satisfied the alleged subject debt is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

42. Defendant had enough information to be aware of the fact that Plaintiff satisfied the alleged subject debt Nevertheless, it persisted with its phone call campaign and knew that its conduct was inconvenient and harassing to Plaintiff.

43. Defendant used such deception in order to dragoon Plaintiff into making a payment on the subject debt.

44. Through its conduct, Defendant misleadingly represented to Plaintiff that her livelihood and freedom were tied to her ability to make a payment on the subject debt.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

46. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

47. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MONIQUE D. PRESTON, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – TELEPHONE CONSUMER PROTECTION ACT

48. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

49. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

50. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

51. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

52. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

53. Moreover, based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff did not answer, Defendant placed these aforementioned calls to Plaintiff using prerecorded voice technology.

54. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from early 2019 through the present day, using an ATDS without her prior consent.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

59. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

60. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, MONIQUE D. PRESTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from further contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

61. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

62. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

63. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

64. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

65. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of FCCPA § 559.72(7)

66. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

67. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff and Plaintiff's 12-year-old son after Plaintiff demanded that Defendant stop calling her and her son. Defendant ignored Plaintiff's wishes and continued to place numerous harassing phone calls to Plaintiff's cellular phone and Plaintiff's son's cellular phone without their prior consent.

**WHEREFORE**, Plaintiff, MONIQUE D. PRESTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:
   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
   e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
   f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 22, 2019                                        Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
